# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JASON BROCKMAN, as trustee of the
MENDY BROCKMAN DISABILITY TRUST, and

MENDY BROCKMAN, individually,

     Plaintiffs,

v.

JARED POLIS, in his official capacity
as Governor of the State of Colorado,

KIM BIMESTEFER, in her official capacity
as Executive Director of the Colorado
Department of Health Care Policy & Financing,

TOM MASSEY, in his official capacity as the
Deputy Executive Director and Chief Operating
Officer of the Policy, Communications, and
Administration Office of the Colorado Department
of Health Care Policy & Financing,

DAVID L. SMITH, in his official capacity as
Manager of Benefits Coordination Section for
the Colorado Department of Health Care Policy
& Financing, and

ASHLEY DiRIENZO, in her official capacity
as Recovery Officer for the Colorado Department
of Health Care Policy & Financing,

     Defendants.

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiffs, Jason Brockman, as Trustee of the Mendy Brockman Disability Trust, and Mendy Brockman, for their Complaint, allege as follows:

## I.  JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because it arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.  Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to this Complaint occurred in this District and Defendants perform their official duties in this District.

## II.  INTRODUCTION

3.  The federal statute at 42 U.S.C. § 1396p(d)(4)(A) grants disabled persons under Social Security law who are under the age of 65

the right to establish disability trusts which exempt the assets in said trust funds from being counted for eligibility purposes and not to be recovered from them prior to their deaths.

4.   Federal law also requires that there be no recovery of assets from any Medicaid recipient who lawfully receives Medicaid benefits prior to their death.  42 U.S.C. § 1396p(b)(1).

5.   Mendy Brockman received a settlement from her personal and individual claim resulting from an automobile accident on July 5, 2013.  On May 7, 2014 the El Paso County District Court, sitting in probate, issued an order establishing the Mendy Brockman Disability Trust (hereinafter referred to as the "Trust").

6.   The Defendants approved the Trust as in compliance with federal and state law on or about April 13, 2014.

7.   Effective January 1, 2019, Mendy Brockman chose to no longer receive Medicaid benefits from the State of Colorado for reasons personal to her.  Mendy Brockman has a legal and contractual right to use her property as she sees fit and her trustee, in Article 5.02 of the

approved Trust, has the option to forego benefits if that is in the best interest of Mendy Brockman.

8.      The decision to forego Medicaid benefits is also in Defendants' best interests because it means the Trust will pay for a substantial part of Mendy Brockman's medical care in the future without relying on state support.  Mendy Brockman and her trustee have determined that to be in her best interests.

9.      On March 19, 2019, Ashley DiRienzo directed Jason Brockman, as Trustee, to terminate Mendy Brockman's Trust and repay the State of Colorado $422,486.60 simply because she chose not to have her medical care paid by Medicaid, and currently is not a recipient of Medicaid benefits.

10.     Both the Trustee and Mendy Brockman desire to continue to use the Trust and she has a legal right to do so without Defendants' interference.  The Trust is also irrevocable.

11.     Ms. DiRienzo wrongfully asserted that federal law and state law mandated that the trust be terminated and that the State of Colorado

be reimbursed $422,486.60 in Medicaid benefits previously provided to Mendy Brockman after she was lawfully entitled to these benefits.

12.    No federal or state statute permits pre-death recovery by the State of Colorado from Mrs. Brockman's Trust assets nor does the Trustee wish to terminate Mrs. Brockman's Trust. Mrs. Brockman reserves the right to utilize her Trust in a lawful manner as long as she is alive.

13.    A state regulation at 10 C.C.R. 2505-10, § 8.100.7.E.6.b.i.e states as follows: "The trust terminates upon the death of the individual or if the trust is no longer required for Medical Assistance eligibility in Colorado." (Hereinafter referred to as the "Colorado Regulation.") The Colorado Regulation is contrary to and inconsistent with both state and federal law. Under the common law of trusts applicable to Colorado, irrevocable trusts may not be terminated without the consent of all beneficiaries of the trust. Mrs. Brockman does not consent to the termination of her Trust nor does federal law require her to terminate her Trust, because it must, under federal law, be maintained as an irrevocable trust.

14.     The Plaintiffs, therefore, seek declaratory and injunctive relief against Defendants Polis, Bimestefer, Massey, Smith and DiRienzo in their official capacities to enjoin them from taking legal steps to terminate Mrs. Brockman's Trust in violation of her rights under the aforementioned federal statutes in order to deprive her of her property rights in the Trust.

## III.   PARTIES

15.     Mendy Brockman is an individual under the age of 65 who is disabled as defined in Title XIX of the federal Social Security Act.  She resides in Colorado Springs, Colorado, with her husband and trustee, Jason Brockman.  This Trust is a special needs trust authorized under federal and state law and created for the sole benefit of Mendy Brockman with the purpose or with the effect of establishing or maintaining her resource eligibility for medical assistance under the Medicaid program. Once established, it need not be terminated under either state trust law or federal Medicaid law. The trust also provides that Mrs. Brockman has the option of accepting Medicaid services or not accepting them, and she

should not be required to accept future Medicaid benefits if she believes she can receive higher quality care elsewhere.   On the other hand, as Mrs. Brockman cannot predict the future of healthcare in this country, she intends to avail herself of the right not to terminate an irrevocable trust created for her sole benefit and she maintains the option to reapply for Medicaid for herself in the future, should it be in her best interest.

16.    The Brockmans file this Complaint against Kim Bimestefer, in her official capacity as Executive Director of the Colorado Department of Health Care Policy & Financing (the "Department"), Tom Massey, in his official capacity as Deputy Executive Director, Chief Operating Officer, and Director of the Policy, Communications, and Administration Office for the Department, David L. Smith, in his official capacity as Manager of the Third Party Liability & Recoveries Section of the Department, and Asley DiRienzo, in her official capacity as Recovery Officer for the Department.   Jared Polis is the Governor of the State of Colorado and has taken an oath to see to it that the laws of the State of Colorado and of the United States are faithfully executed within the

State of Colorado.  He is sued in his official capacity as Governor of Colorado.

17.   Defendant Kim Bimestefer is sued in her official capacity as the Executive Director of the Department.  The Department is responsible under Colorado law for the operation and administration of the Colorado Medical Assistance Act, Colorado's Medicaid Program (hereinafter "Medicaid"), and is required under federal law to be the single agency to implement the Medicaid program in Colorado. 42 U.S.C. § 1396a(a)(1).

18.   Defendant Tom Massey is sued in his official capacity as the Deputy Executive Director and Chief Operating Officer of the Policy, Communications, and Administration Office of the Department.  Director Massey oversees the Department's administration of disability trusts and recovery for the Department.

19.   Defendant David L. Smith is sued in his official capacity as Manager of the Third-Party Liability & Recoveries Section for the

Department.   As part of his duties, Mr. Smith oversees Colorado's recovery of benefits from disability trusts.

20.   Defendant Ashley DiRienzo is sued in her official capacity as Recovery Officer for the Department.  The Recovery Officer is responsible under Colorado law to recover any lawfully permissible overpayments and trust payments upon the death of beneficiary.  She wrote the letter to the Brockmans on March 19, 2019 demanding repayment of $422,886.60 and, if the funds were not paid back within 30 days, then legal proceedings would be brought against the trustee to terminate the trust in order to effectuate a removal of Mrs. Brockman's property interest in the Trust.  In her letter, Mrs. DiRienzo misstated the requirements of federal and Colorado law intentionally in order to effectuate said recovery, leaving out historical knowledge that said recovery was not lawful.

## IV.   ALLEGED FACTS AND BACKGROUND

### A.   Medicaid Background.

21.   Medicaid was established in 1965 to provide medical assistance to indigent individuals who have insufficient income and resources to meet the costs of necessary medical care and services.  42 U.S.C. § 1396.  However, over the years, Medicaid has been expanded well beyond its initial mission to include persons who otherwise would not have access to affordable health care.  Now Medicaid covers people with low incomes without counting resources at all and it permits disabled people with resources to receive Medicaid benefits through three types of trusts, under 42 U.S.C. § 1396p(d)(4)(A), (B) and (C).  This case involves a trust under 42 U.S.C. § 1396p(d)(4)(A) (hereinafter referred to as the "Federal Statute").

22.   Medicaid is a cooperative federal-state program in which the federal government provides funding for the provision of state medical services to qualified individuals.  In Colorado, the federal government pays between 50 percent to 90 percent of the costs, depending upon the type of Medicaid program involved.

23.   Medicaid is a federal program administered by the states which receives substantial reimbursement for the costs of providing

medical services and reimbursement for the costs of administering the program.    The federal government has expanded the program dramatically since 1965.

24.    Participation in the Medicaid program is optional, but all states participate in most aspects of the program.  Colorado participates fully.

25.    However, once a state elects to participate in the Medicaid program, it must comply fully with the Medicaid Act. 42 U.S.C. § 1396a. Regarding trusts and recovery of assets under Medicaid law, federal law compliance is mandatory under 42 U.S.C. § 1396a(a)(18).  There is no state option to deviate from federal trust and recovery laws.

26.    Individuals who may be eligible for receipt of Medicaid assistance include individuals who are blind, disabled, and/or aged 65 and older if they meet certain threshold requirements.  42 U.S.C. § 1396a(a)(10).

27.    A person's eligibility for Medicaid is a function of the applicant's countable assets, and the definition of 'countable' is critical. Once the assets exceed the statutory ceiling, in some cases the applicant

is disqualified from receiving benefits. 42 U.S.C.A. § 1396a(a)(10)(I) and (II).  Assets may include both income and resources, but in some cases, only income is considered.

28.  Under the Medicaid Act, certain assets are excluded from the eligibility determination.  One such asset is known as a "special needs trust."  42 U.S.C. § 1396p(d)(4)(A) and (d)(4)(C) (hereinafter "Special Needs Trust").

29.  Special Needs Trusts allow individuals with long-term disabilities to maintain funds which can be used to pay for medical expenses and additional needs not covered by Medicaid, while still allowing them to remain eligible to receive Medicaid at their choice and election.  This is a lifetime benefit and provides a guarantee that there will always be access to medical care.

30.  Any long term care Medicaid benefits paid by Medicaid during the life of the individual, however, must be repaid from trust assets upon the death of the individual, but not before.  42 U.S.C. § 1396p(d)(4)(A). See also 42 U.S.C. § 1396p(b)(1).  By keeping the Trust irrevocable, Mrs. Brockman's Trust would maintain that obligation of repayment.

31.     Specifically, federal law excludes amounts held in Special Needs Trusts from determining an individual's eligibility for receipt of Medicaid benefits subject to the following conditions:  such trust must (1) contain the assets of an individual under age 65 who is disabled (as defined in 42 U.S.C. § 1382c(a)(3)); (2) be established for the benefit of such individual by the individual, a parent, grandparent, legal guardian of the individual, or a court; and (3) the state will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a state plan.  42 U.S.C. § 1396p(d)(4)(A).   There can be no state deviation under this statute.

32.     Section   1396p(b)(1)   prohibits   states   from   requiring repayment for medical assistance correctly paid on behalf of an individual until after the death of the individual, the individual's spouse, or in some cases the individual's offspring.  42 U.S.C. § 1396p(b)(1).

33.     The federal requirements for Special Needs Trusts and recovery of assets are mandatory upon the states if they choose to receive federal funds to run Medicaid programs.  42 U.S.C. § 1396a(a)(18).

**B.     Colorado Regulation Conflicts with Federal Medicaid Law. 42 U.S.C. §§ 1396, *et seq.***

34.    The State of Colorado is a participant in the Medicaid program.

35.    The State of Colorado has elected to participate in the Medicaid program through the Colorado Medical Assistance Act codified at C.R.S. § 26-4-101, *et seq.*

36.    The Department is the single state agency administering the Colorado Medical Assistance Program.  C.R.S. § 25.5-1-201(1)(a).

37.    As a participant in the Medicaid program, the State of Colorado is required to comply with the federal statutory requirements for Medicaid.  Specifically, 42 U.S.C. § 1396p is binding on the State of Colorado due to its participation in the Medicaid program.  42 U.S.C. § 1396a(a)(18).

38.    The State of Colorado has imposed additional criteria on Special Needs Trusts under C.R.S. § 15-14-412.8 (hereinafter referred to as the "Colorado Statute") and the Colorado Regulation contrary to federal law.

39.     The Colorado Statute requires Special Needs Trusts provide (1) "that, upon the death of the beneficiary or termination of the trust during the beneficiary's lifetime, whichever occurs sooner, the Department of Health Care Policy And Financing receives any amount remaining in the trust up to the total medical assistance paid on behalf of the individual," and (2) "[t]he sole lifetime beneficiaries of the trust are the individual for whom the trust is established and the state medical assistance program."  C.R.S. § 15-14-412.8.

40.     The Colorado Regulation requires, among other things, that "[t]he trust terminates upon the death of the individual or if the trust is no longer required for Medical Assistance eligibility in Colorado" and "... that, upon the death of the beneficiary or termination of the trust, the Department shall receive all amounts remaining in the trust up to the amount of total Medical Assistance paid on behalf of the individual."

41.     The Colorado Regulation cannot be interpreted to require unilateral termination of the Brockman Trust because the choice to receive Medicaid benefits now and in the future is Mrs. Brockman's to make and federal law does not confer upon the Department status as a

lifetime beneficiary of the trust with rights to terminate trusts. Federal law makes Colorado a creditor, not a beneficiary of any trust. Colorado law cannot grant the Department unilateral authority to terminate an irrevocable trust over the objection of the sole beneficiary of the trust since federal law clearly states that Mrs. Brockman is the sole beneficiary of her trust. As the sole beneficiary, Mrs. Brockman cannot be compelled to terminate an irrevocable trust.

42.   Mrs. Brockman's trust was approved by Colorado, thus precluding Colorado from recovering Medicaid benefits while she is alive, unless she voluntarily makes an irrevocable election never to receive Medicaid benefits again or agrees to repay Medicaid prior to her death by her own choice because the assets belong to her. Mrs. Brockman refuses to do this.

43.   The application of the Colorado Statute and the Colorado Regulation eviscerates the purpose of the Special Needs Trust exception which requires that such a trust be established, funded with the beneficiary's own assets, and used for the sole benefit of the disabled

individual during his or her lifetime, and is both pre-empted by federal law and unlawful under federal law.

### C. The Medicaid Act Requires that Such Trusts be Used for the Sole Benefit of the Individual.

44. Under the Medicaid Act, trust provisions that provide benefits to other individuals or entities during the disabled individual's lifetime or allow for termination of the trust prior to the individual's death and payment of the corpus to another individual or entity (such as the state) or another creditor for payment for goods or services provided to the individual) would result in disqualification from the Special Needs Trust exception.

45. The Colorado Statute and Colorado Regulation contradict federal law which only permits reimbursement from Special Needs Trust assets upon death of the beneficiary.

46. By placing additional restrictions on the eligibility requirements for Medicaid benefits of Special Needs Trust beneficiaries, Colorado has created regulations and statutes that conflict with the

federal Medicaid program and are pre-empted by the aforementioned federal statutes.

47.    Indeed, the United States Department of Health & Human Services has previously issued an opinion that Colorado's rule would not comply with federal law because it places additional restrictions on Medicaid eligibility not required under federal law.  All Defendants sued in this case have institutional knowledge that CMS (Centers for Medicare and Medicaid), the federal agency with authority over Medicaid programs, has determined since 2004 that the Colorado Regulation at issue in this case is unlawful and inconsistent with the statutory regulations.  Colorado has ignored the federal determination since at least 2004 intentionally and without lawful authority.

### D.    Mrs. Brockman is a Qualified Recipient of Medicaid Benefits with a Special Needs Trust.

48.    On May 7, 2014, the El Paso County District Court, sitting in probate, settled the Mendy Brockman Disability Trust pursuant to the Federal Statute and the Colorado Statute.

49.    The Court's clear intent in creating the Trust and funding it with proceeds from a personal injury case, received as a result of an automobile accident, was to provide for Plaintiff's special needs above and beyond the services provided by public benefits while still maintaining Plaintiff's eligibility for such public benefits programs, namely Medicaid, should she so choose to retain such benefits.

50.    Jason Brockman, her husband, was and is the trustee of the Trust.

51.    Mendy Brockman has a lifelong and serious disability. She sustained a C6/C7 spinal cord injury that has left her a quadriplegic. Mrs. Brockman's need for care includes much long-term care, which she has now elected to receive primarily outside of the Medicaid program.   If she depletes these trust assets, she may have to rely on Medicaid again. This decision is an intensely personal decision that she has the right to make, which cannot be interfered with by the State of Colorado.   It is what freedom of choice is all about.

52.    In December of 2018, Mendy Brockman decided she no longer

wished to receive Medicaid disability and voluntarily went off the roles of the program, effective January 1, 2019.

53.    On March 19, 2019, Mrs. Brockman's trustee and husband received a letter from Mrs. Ashley DiRienzo requiring her to terminate her trust and to repay the Defendants the amount of $422,486.50.

54.    Mrs. Brockman maintains she cannot be required to terminate her trust or to repay monies to the Department while she is still alive and is the sole beneficiary of her trust.

### E.    Trust Terms and State and Federal Law.

55.    Article 5.02 of the Trust provides that the Trustee can utilize the trust for any legal purpose "without regard to the effect of such distribution on eligibility for benefits."  The Defendants have approved this trust language.  Therefore, Defendants are estopped under the provisions of the Trust to require her to continue to receive Medicaid benefits she does not currently want.

56.    Article 8.01 of the Trust further provides that the Trustee is specifically granted the power to challenge and litigate against

Colorado's regulations by either "negotiation, administration, or litigation." Article 10.05 of the Trust.  Her trustee supports the election of Mrs. Brockman to voluntarily go off the Medicaid program and desires to litigate that she be compelled to reimburse the Medicaid program before her death.

## V.    FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 for violation of 42 U.S.C. § 1396p)

57.    The Plaintiffs reallege each allegation above as if fully set forth herein.

58.    There is an actual, present, and justiciable controversy between Plaintiffs and Defendants over the threatened termination of Mrs. Brockman's Special Needs Trust and reimbursement to the State of Colorado prior to her death.

59.    The Medicaid Act grants Mrs. Brockman the right to use her Special Needs Trust for her "sole benefit" while she is alive without regard to whether or not she receives Medicaid benefits.

60.    The Colorado Statute and Colorado Regulation impose additional requirements on Mrs. Brockman for establishing a qualifying

Special Needs Trust, which are contrary to all statutory requirements under federal law.

61.   Specifically, the Colorado Statute and Colorado Regulation require that, in the event Mrs. Brockman voluntarily chooses not receive Medicaid benefits from the State of Colorado, the State of Colorado can terminate her Special Needs Trust and seek immediate reimbursement of all benefits paid to date.

62.   Because the Colorado Statute and Colorado Regulation impose additional restrictions on eligibility, these statutes and regulations directly conflict with the Medicaid Act, which permits disabled beneficiaries with full access to funds held in Special Needs Trusts for their lifetime.

63.   No act of Congress, and, in particular, no part of the Medicaid Act, permit states to impose additional restrictions on eligibility requirements or to penalize Medicaid eligible recipients from utilizing their assets merely because they exercise the freedom of choice to not continue to receive Medicaid benefits.

64.    No act of Congress, and, in particular, no part of the Medicaid Act, permit the State of Colorado to require termination of an irrevocable Special Needs Trust prior to the beneficiary's death for the purpose of reimbursing itself.

65.    As a result, the Colorado Statute and Colorado Regulation, insofar as they both require reimbursement of Medicaid benefits prior to death of the individual, conflict with 42 U.S.C. § 1396p and should be declared void and unenforceable.

66.    The State of Colorado's conduct here, through its executive agents and officials, will cause Mrs. Brockman to suffer an immediate and irreparable harm to her property interests in the trust and to penalize her for exercising freedom of choice as to her medical care.

67.    The federal statutes herein enumerated grant or foreclose rights to Mendy Brockman and her trustee to declare Colorado's Medicaid statute and regulations promulgated thereunder as contrary to and preempted by federal law because 42 U.S.C. §1396p grants disabled individuals' individually focused rights to establish disability trusts that exempt them from predeath recovery, that the rights one clearly

enunciated and not vague or amorphous and that by virtue of 42 U.S.C. §1396a(a)(18), these rights impose on Colorado the obligation to strictly adhere to the federal statutes and issues.  Hence, Section 1983 provides an enforcement remedy to both Mendy Brockman and her trustee.

## VI.   SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 for violation of due process clause of the Fourteenth Amendment)

68.    Plaintiff realleges each allegation above as if fully set forth herein.

69.    The due process clause of the Fourteenth Amendment of the United States Constitution grants its citizens and lawful residents the right to the use of their property interests without deprivation by the state unless afforded due process of law prior to the taking of said property by state officials.

70.    Both the Colorado Statute and the Colorado Regulation deprive Mrs. Brockman of her property without due process of law because they grant to the state an interest in her property as a beneficiary during her lifetime and impose on the trust a property right

to recover her own property without her consent and contrary to the common law of trusts and contrary to any lawful interest the state has in her property prior to her death.

71.   Accordingly, the Colorado Statute and the Colorado Regulation are unconstitutional under the due process clause of the Fourteenth Amendment because they both act as a *taking* of her property interests without due process of law since there can be no state interest in her property during her lifetime.   Constitutional rights are directly enforceable under 42 U.S.C. §1983.

## VII.   PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for relief as follows:

a.   A judgment declaring that (1) C.R.S. § 15-14-412.8 and 10 C.C.R. 2505-10, § 8.100.7.E.6.b conflict with 42 U.S.C. § 1396p, and thus, are void and unenforceable to the extent they grant the State an interest in her property and a right of invasion of the trust for reimbursement prior to her death;

b.    A judgment declaring that C.R.S. 15-14-412.8 and 10 C.C.R 2505-10, § 8.100.7.E.6.b violate Mrs. Brockman's due process rights under the Fourteenth Amendment and thus are void and unenforceable to the extent they grant the State an interest in her property and a right of reimbursement prior to her death;

c.    A preliminary and permanent injunction enjoining Defendants, their successors, employees, designees, agents, and all others in active concert, privity or participation with them, from enforcing C.R.S. § 15-14-412.8 and 10 C.C.R. 2505-10, § 8.100.7.E.6.b, to the extent alleged above, and requiring Defendants to abandon all attempts to recover funds belonging to Mendy Brockman presently in her Special Needs Trust prior to her death;

d.    An award of Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988; and

e.      Such other and further relief as the Court may deem just and proper.

DATED:  <u>April 19, 2019</u>.

Respectfully submitted,

<u>/s/ R. Eric Solem-Original Signature on File</u>
R. Eric Solem, Reg. #6464
Lance McKinley, Reg. #33274
SOLEM, WILLIAMS & McKINLEY, P.C.
3333 S. Bannock Street, Suite 900
Englewood, Colorado 80110
Telephone:  303-761-4900
Facsimile:    303-761-2989
Email:  Eric@solemlaw.com
            Lance@solemlaw.com
*Counsel for Plaintiffs*

PLAINTIFFS' ADDRESS:

7104 Camphor Lane
Colorado Springs, Colorado 80927