IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01153–WJM–KMT

JASON BROCKMAN, as trustee of the MENDY BROCKMAN DISABILITY TRUST, and
MENDY BROCKMAN, individually,

    Plaintiffs,

v.

KIM BIMESTEFER, in her official capacity as Executive Director of the Colorado Department of Health Care Policy & Financing,
TOM MASSEY, in his official capacity as the Deputy Executive Director and Chief Operating Officer of the Policy, Communications, and Administration Office of the Colorado Department of Health Care Policy & Financing,
DAVID L. SMITH, in his official capacity as Manager of Benefits Coordination Section for the Colorado Department of Health Care Policy & Financing, and
ASHLEY DIRIENZO, in her official capacity as Recovery Officer for the Colorado Department of Health Care Policy & Financing,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Unopposed Motion to Stay Discovery." (["Mot."], Doc. No. 46.) In their Motion, Defendants ask that discovery be stayed, pending resolution of their Motion to Dismiss the Second Amended Complaint, in its entirety, under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 1; *see* Doc. No. 49.) Plaintiffs have not responded to Defendant's motion to stay discovery.[1]

---

[1] Defendants advise that Plaintiffs "do not oppose a stay but prefer that discovery is stayed for 180 days from the date of the scheduling conference rather than until the Court rules upon Defendants' motion to dismiss." (Mot. 2.)

This case centers around a Medicaid Special Needs Trust. Medicaid is a cooperative federal-state program that provides medical assistance to needy individuals. *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606, 610 (2012). Each state, including the State of Colorado, sets income and resource limits for Medicaid eligibility. *See Houghton v. Reinertson*, 382 F.3d 1162, 1165 (10th Cir. 2004). Pursuant to 42 U.S.C. § 1396p(d)(4)(A), a disabled individual who exceeds the Medicaid resource limit can, nevertheless, qualify for Medicaid benefits, by transferring his or her excess funds into an approved Special Needs Trust. 42 U.S.C. § 1396p(d)(4)(A).

Plaintiffs Jason Brockman and Mendy Brockman are, respectively, the trustee and beneficiary of the Mendy Brockman Disability Trust, a Colorado trust created in compliance with § 1396p(d)(4)(A). (["Compl."], Doc. No. 39 Ex. 4, at ¶¶ 5-6, 18.) Defendant Kim Bimestefer is the Executive Director of the Colorado Department of Health Care Policy and Financing ["HCPF"], an agency tasked with the administration of the Medicaid program in the State of Colorado. (*Id.* at ¶ 19, 21.) Defendant Tom Massey is an HCPF Deputy Executive Director and Chief Operating Officer. (*Id.* at 19.) Defendant David L. Smith is Manager of the Benefits Coordination Section of HCPF. (*Id.*) Defendant Ashley DiRienzo is an HCPF Recovery Officer. (*Id.*)

Plaintiff Mendy Brockman, a former Medicaid recipient, was reportedly injured in a car accident in July 2013. (*Id.* at ¶¶ 5-6.) She is said to have subsequently received a monetary settlement for her injuries, which placed her in excess of the Medicaid resource limit for the State of Colorado. (*Id.* at ¶ 5.) To preserve her eligibility for assistance under Medicaid, the El Paso County Court established the Mendy Brockman Disability Trust, on May 7, 2014. (*Id.*)

Defendants reportedly affirmed the Trust to be compliant with federal and Colorado law. (*Id.* at ¶ 6.)

According to the Second Amended Complaint, Plaintiff thereafter voluntarily removed herself from the Medicaid program, effective January 1, 2019, "for reasons personal to her." (*Id.* at ¶ 7.) In response, Defendant DiRienzo reportedly sent Plaintiffs a letter, dated March 19, 2019, in which she directed them to terminate the Trust, and to reimburse the State of Colorado, in the amount of $422,486.60, for Plaintiff Mendy Brockman's previous expenses covered by Medicaid. (*Id.* at ¶ 9.) Defendant DiRienzo is said to have relied on two Colorado laws, 10 C.C.R. 2505-10, § 8.100.7.E.6.b.i.e., and C.R.S. § 15-14-412.8, as the basis for those demands. (*Id.* at ¶¶ 9, 42-44.)

On July 23, 2019, Plaintiffs filed a Second Amended Complaint in this lawsuit, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, asserting violations of federal Medicaid law by Defendants, in their official and individual capacities. (*Id.* at ¶¶ 61-82.) As the primary basis for their lawsuit, Plaintiffs contend that the two Colorado laws at issue, 10 C.C.R. 2505-10, § 8.100.7.E.6.b.i.e. and C.R.S. § 15-14-412.8, conflict with federal Medicaid law. (*Id.*) Plaintiffs seek declaratory and injunctive relief, but no monetary damages. (*Id.* at 28-30.)

On August 1, 2019, Defendants responded to the Second Amended Complaint by filing a motion to stay discovery, pending resolution of their motion to dismiss, and on August 6, 2019, filed a Motion to Dismiss. (*See* Mot. 1; Doc. No. 49.) Defendants argue that a discovery stay is appropriate in this case, because "[e]ach Defendant will assert the defense of qualified immunity." (Mot. 6.) In addition, Defendants argue that "[a] stay of discovery will result in the efficient use of the parties' and judicial resources by helping to avoid significant costs and time

involved with engaging in discovery until the parties know which, if any, of Plaintiff's claims survive." (*Id.* at 4.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have

been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiffs will be prejudiced by a discovery stay. Indeed, Plaintiffs are unopposed to, and would prefer, a stay in the proceedings. (Mot. 2.) The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be burdened by moving forward with discovery, because they have each asserted a qualified immunity defense to Plaintiffs' claims. (Mot. 6.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). It is worth noting, however, that an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for declaratory or injunctive relief. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317,

5

1327 (2d Cir. 1993)). In this case, Plaintiffs have requested declaratory and injunctive relief only. (*See* Doc. No. 39 Ex. 4 at 28-30.) As a result, Defendants cannot rely on a qualified immunity defense as the sole basis to impose a stay of discovery. *See Harris v. City & Cnty. of Denver*, No. 11-cv-01201, 2011 WL 3793778, at *3 (D. Colo. Aug. 25, 2011) (denying a motion to stay discovery relating to claims for declaratory and injunctive relief). This factor, then, is neutral in the analysis.

The third "court convenience" factor, however, weighs heavily in favor of the imposition of a stay. There is no question that the ultimate outcome of this case will turn on a distinct legal issue: the extent to which Colorado law conflicts with federal law. (*See* Compl. ¶¶ 61-82.) It is also clear, based on the allegations in the Second Amended Complaint, that discovery as to the individual capacity claims against Defendants will be of a limited nature. Indeed, the parties do not appear to dispute the relevant facts in this case, but rather, the legal significance of those facts. By imposing a discovery stay in this case, judicial economy will be enhanced, because scheduling and discovery issues will not be raised, and the court will be able to focus its attention on the dispositive legal issues raised in Defendants' motion to dismiss. *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where . . . the facts sought through uncompleted discovery would not affect the

6

resolution of the motion[.]").

Looking to the remaining *String Cheese* factors, the fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose. The court also recognizes a strong public interest in deciding early in the case whether Colorado law is in irreconcilable conflict with federal law, and the effect on Medicaid trusts, as a result.

Therefore, considering the *String Cheese* factors together, as well as the strong interest of resolving the distinct legal issues presented by this case before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that Defendants' "Unopposed Motion to Stay Discovery" (Doc. No. 46) is **GRANTED**. Discovery in this case is **STAYED** pending further order of the court.

This 12th day of September, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge