**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-1153-WJM-KMT

JASON BROCKMAN, as trustee of the Mendy Brockman Disability Trust, and
MENDY BROCKMAN, individually,

    Plaintiffs,

v.

KIM BIMESTEFER, individually and in her official capacity as Executive Director of the Colorado Department of Health Care Policy & Financing,
TOM MASSEY, individually and in his official capacity as the Deputy Executive Director and Chief Operating Officer of the Policy, Communications, and Administration Office of the Colorado Department of Health Care Policy & Financing,
DAVID L. SMITH, individually and in his official capacity as Manager of Benefits Coordination Section for the Colorado Department of Health Care Policy & Financing, and
ASHLEY DiRIENZO, individually and in her official capacity as Recovery Officer for the Colorado Department of Health Care Policy & Financing,

    Defendants.

---

**ORDER MAKING ABSOLUTE THE COURT'S FEBRUARY 13, 2020 ORDER TO SHOW CAUSE AND DISMISSING THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Jason Brockman ("Mr. Brockman") and his wife Mendy Brockman ("Mrs. Brockman") (jointly, the "Brockmans") sue various employees of the Colorado Department of Health Care Policy and Financing ("Department"), alleging that federal law prohibits the Department's efforts to recover Medicaid funds spent on Mrs. Brockman's behalf. (*See* ECF No. 39-4 (Second Amended Complaint).) The Brockmans seek declaratory and injunctive relief. (*See id.* at 28–30.)

The Department has moved to dismiss. (ECF No. 49.) The motion and

associated briefing go directly to the question of whether federal law prohibits the recovery that the Department is demanding from the Brockmans.  As the Court evaluated those arguments, however, it concluded that circumstances unique to this case may make the federal question unripe—meaning that the parties may be unwittingly asking this Court to give an advisory opinion, which this Court has no power to give.  *See Flast v. Cohen*, 392 U.S. 83, 96 (1968).

The Court ordered the parties to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  *See Brockman v. Bimestefer*, 2020 WL 730308 (D. Colo. Feb. 13, 2020) (ECF No. 55) ("OSC").  The Court has now received the parties' responses (ECF Nos. 56, 57), and the Court is prepared to rule.  Familiarity with the OSC is presumed.  All capitalized terms in this order have the same meaning as in the OSC.

The Department "agree[s] with the Court's reasoning that Plaintiffs are seeking an advisory opinion" because "neither party has yet initiated an action to terminate the trust."  (ECF No. 56 at 1–2.)  The specter of an advisory opinion did not arise because "neither party has yet initiated an action to terminate the trust," but rather because it appears that the Trust has not terminated by its own terms, meaning that the Department has no right to recover.  Regardless, the Court understands the Department to be conceding that any dispute about the Disability Trust Exception (42 U.S.C. § 1396p(d)(4)(A)) is unripe.

The Brockmans agree with the Court's reasoning that the Trust apparently has not terminated and need not terminate under its own terms, so the question raised under the Disability Trust Exception is not ripe.  (ECF No. 57 at 4–5.)  The Brockmans

2

argue, however, that their claim is ripe under a different statutory provision, often known as the "Anti-Recovery Provision" (42 U.S.C. § 1396p(b)(1)). The Brockmans have also filed a motion to treat the Department's motion to dismiss as one for summary judgment, and to brief it accordingly, on the applicability of the Anti-Recovery Provision. (ECF No. 58.)

The Anti-Recovery Provision prohibits recovery of "correctly paid" Medicaid benefits except in specified circumstances. Oddly, if one carefully steps through the exceptions, one finds that they do not embrace recovery from disability trusts after the death of the beneficiary—which seems clearly in conflict with the Disability Trust Exception.

But the Court need not delve into that morass. The Brockmans are incorrect that the Anti-Recovery Provision presents a ripe dispute. As thoroughly explained in the OSC, the Department's right to recover turns in the first instance on termination of the Trust. Without termination, the Department's rights never ripen, so it makes no difference whether any federal statute independently prohibits recovery. And there is at least a substantial question—a state-law contract question—whether the Trust, under its own terms, has terminated or ever will terminate before Mrs. Brockman's death.

Because the parties are not from different states, this Court's jurisdiction must be grounded on a federal question. Here, the presence of a federal question (the effect of the Disability Trust Exception and/or the Anti-Recovery Provision) is entirely contingent on an unresolved state-law question. Thus, the Court lacks original jurisdiction and must dismiss without prejudice on that account.

For these reasons, the Court ORDERS as follows:

3

1. Defendants' "Motion to Dismiss Second Amended Complaint for Declaratory and Injunctive Relief Pursuant to Fed. R. Civ. P. 12(b)(6)" (ECF No. 49) is DENIED WITHOUT PREJUDICE;

2. Plaintiffs' "Motion for Leave of Court to File Motion for Conversion of Section VI., ¶3 of Defendants' Motion to Dismiss to Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(d)" (ECF No. 58) is DENIED AS MOOT;

3. The Court's February 13, 2020 Order to Show Cause (ECF No. 55) is MADE ABSOLUTE and this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

4. The Clerk shall enter judgment accordingly and shall terminate this case; and

5. The parties shall bear their own costs.

Dated this 25th day of February, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge